UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-218 (JRT/FLN) |
| Plaintiff, | Civil No. 07-647 (JRT) |
| v. | MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION |
| ALBERT R. STEWARD, III, | |
| Defendant. | |

D. Gerald Wilhelm, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Albert Ray Steward, III, 787 Fuller Avenue, St. Paul, MN 55104, defendant *pro se*.

Defendant Albert Ray Steward, III filed this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel, actual innocence, and breach of the plea agreement, among other claims. For the reasons discussed below, the Court denies defendant's motion.

**BACKGROUND**

Defendant was charged by Indictment with five counts of wire fraud in violation of 18 U.S.C. § 1343. Defendant subsequently entered into a binding plea agreement with the United States. On November 22, 2004, defendant pleaded guilty to a substitute information charging him with a single count of wire fraud pursuant to the plea agreement. In exchange for defendant's guilty plea, the government dismissed the five-

count Indictment.  The plea agreement also contained a waiver of defendant's right to appeal and to collaterally challenge his conviction and sentence.  On April 18, 2005, defendant was sentenced to a term of 19 months imprisonment and was ordered to serve a three-year term of supervised release following completion of the sentence.

On November 17, 2006, defendant filed a petition for post-conviction relief with this Court, claiming actual innocence and ineffective assistance of counsel.  On January 23, 2007, the Court issued an Order notifying defendant that it was recharacterizing his petition as a § 2255 motion pursuant to *Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002).  In light of the restrictions on successive § 2255 motions, the Court provided defendant with an opportunity to withdraw the motion or to amend it so that it asserted all of his § 2255 claims.  *Id.*  The Court also noted that the plea agreement contained a waiver of defendant's right of collateral review, and specifically requested that defendant explain why his § 2255 petition should not be barred under the terms of the plea agreement.  On January 29, 2007, defendant filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## ANALYSIS

Defendant's § 2255 petition asserts multiple grounds for relief.  Defendant argues that he is actually innocent of the wire fraud charge, that his conviction was obtained as a result of ineffective assistance of counsel, and that his plea was involuntary. Defendant further argues that his conviction violated the relevant statute of limitations, that the

prosecution withheld exculpatory evidence, and that the prosecution breached its plea agreement.[1] The prosecution counters that defendant's claim is barred because he waived his right to appeal and his right to collateral review in his plea agreement. The prosecution also contends that the § 2255 petition should be dismissed on its merits. Before reaching the merits of defendant's § 2255 petition, the Court must first determine whether defendant has waived his right to collateral review under the terms of the plea agreement.

## I.    WAIVER OF RIGHT TO COLLATERAL REVIEW

The prosecution argues that defendant's § 2255 petition must fail because defendant waived his right to collateral review under the terms of the plea agreement. Defendant argues that he entered into the plea involuntarily.

A waiver of right to collateral review is enforceable as long as a defendant entered into a plea agreement knowingly and voluntarily. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). A guilty plea may be involuntary on due process grounds because the defendant's understanding of his constitutional protections or of the charges against him was insufficient to make an intelligent admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). A guilty plea may also be involuntary where the plea is the result of ineffective assistance of counsel. *DeRoo*, 223 F.3d at 923-24. Thus, to determine whether the waiver is effective, the Court must consider whether defendant's

---

[1] Defendant also asserts claims of conversion, replevin, and due process violations.

guilty plea resulted from a failure of due process or from ineffective assistance of counsel.

### A.     Due Process

Because a guilty plea waives a defendant's constitutional right to a jury trial, his right to confront his accusers, and his right against self-incrimination, guilty pleas must be entered into knowingly and voluntarily. *See Parke v. Raley*, 506 U.S. 20, 28-29 (1992). A plea cannot constitute the necessary intelligent admission unless the defendant received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). It is not always necessary to formally explain the elements of an offense, however, and a defendant's understanding of the charge against him is examined under "the totality of the circumstances." *See United States v. Nieuwsma*, 779 F.2d 1359, 1361-62 (8th Cir. 1985). Statements on the record that the defendant has received the indictment, understands the charges, and has had the benefit of discussion and explanation by his attorney "provide persuasive evidence of an understanding." *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988).

Defendant does not argue that his guilty plea violated due process on grounds that he lacked an understanding either of the charges against him or of his constitutional protections. Instead, defendant contends that the prosecution "used misinformation in order to entice Defendant into signing the Plea Agreement," making his plea involuntary. (Def.'s Answer to United States Response to Post-Conviction Relief, at 16.) Defendant appears to argue that the prosecution promised to return all of defendant's property in

exchange for his guilty plea, but that the prosecution has failed to do so. As such, defendant argues that the prosecution's alleged misrepresentation rendered his decision to plead guilty involuntary.

The Court finds that the prosecution's alleged misrepresentation to defendant does not render defendant's plea involuntary. Defendant has produced no evidence to support his contention that the prosecution made deliberate or negligent misrepresentations during the plea negotiations, or that the prosecution has indeed failed to turn over all of defendant's property. Even accepting defendant's allegations as true, however, the Court is not convinced that the alleged misrepresentations rendered defendant's plea involuntary. Defendant pleaded guilty in exchange for the prosecution's dismissal of a five-count indictment, and not primarily to secure the return of each of his personal items from the government. *Cf. United States v. Gomez*, 326 F.3d 971, 974-75 (8th Cir. 2003) (finding that an alleged misrepresentation by the prosecution regarding defendant's base offense level did not render defendant's plea involuntary because "the expectation of a downward departure motion" was the principal reason for the plea). As such, the Court concludes that the defendant's decision to plead guilty was voluntary and was not the result of a due process violation.

### B. Ineffective Assistance of Counsel

To have a valid claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance

"fell below an objective standard of reasonableness." *Id.* at 688. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong of *Strickland*, defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, a defendant must show that but for the errors, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Other reasons for accepting a guilty plea and avoiding trial (such as a desire to avoid a harsh sentence) can prevent a finding of prejudice. *See, e.g.*, *Witherspoon v. Purkett*, 210 F.3d 901, 905 (8th Cir. 2000).

Defendant does not directly allege that his guilty plea was the result of ineffective assistance of counsel.[2] However, construing the *pro se* § 2255 petition liberally, defendant appears to argue that counsel misinformed him about the amount of restitution that defendant would be required to pay, resulting in an involuntary guilty plea. The Court finds that defendant's claim fails the first *Strickland* prong because he has not shown that counsel's performance was deficient. Defendant stated during the change of plea hearing that he understood the plea agreement, and that nothing was unclear about the plea agreement. The plea agreement itself stated that the defendant understood and agreed that the Court must order the defendant to pay the maximum restitution to his victims under the Mandatory Restitution Act, 18 U.S.C. § 3663A, and that the amount

---

[2] Defendant's ineffective assistance claim alleges that his counsel failed to assert a statute of limitations defense, failed to thoroughly inspect evidence, and failed to determine the correct amount of restitution.

contained in the plea agreement was only a recommendation to the Court. In light of these admissions, the Court finds that defendant has offered no support to overcome the presumption that counsel's assistance was reasonably professional under *Strickland*.

Even accepting defendant's contention that counsel's assistance was deficient, defendant has not shown that counsel's alleged deficiencies prejudiced the proceedings. As noted above, defendant pleaded guilty in exchange for the prosecution's dismissal of a five-count indictment. Given the substantial benefit conferred upon defendant by the plea agreement, the Court is not convinced that defendant would have insisted on going to trial but for counsel's alleged failure to counsel defendant on the total amount of restitution. For this reason, the Court finds that defendant's guilty plea was not made involuntary as the result of ineffective assistance of counsel.

In sum, the Court concludes that defendant's guilty plea was knowingly and voluntarily made. The waiver of defendant's right to collateral review in the plea agreement must therefore be enforced. The Court denies defendant's motion to vacate, set aside, or correct his sentence under § 2255 as barred by the terms of the plea agreement.

## II.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger*

*v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that it is unlikely that some other court would decide the issues raised in this § 2255 petition differently. For this reason, the Court concludes that defendant has failed to make the required substantial showing of a denial of a constitutional right, and accordingly denies a certificate of appealability.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 61] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to defendant.

DATED: August 31, 2007  
at Minneapolis, Minnesota.

        s/ John R. Tunheim  
        JOHN R. TUNHEIM  
        United States District Judge