# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-218 (JRT/FLN) |
| Plaintiff, | Civil No. 07-647 (JRT) |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| ALBERT R. STEWARD, III, | |
| Defendant. | |

D. Gerald Wilhelm, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Albert Ray Steward, III, 787 Fuller Avenue, St. Paul, MN 55104, defendant *pro se*.

Defendant Albert Ray Steward, III filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel, actual innocence, and breach of the plea agreement, among other claims. This Court denied Steward's motion on grounds that Steward waived his right to challenge his conviction and sentence in a binding plea agreement. Steward filed the instant motion for reconsideration, arguing that his § 2255 waiver pertained only to his sentence and not to his conviction. For the reasons set forth below, the Court grants Steward's motion for reconsideration but denies his motion to vacate, set aside, or correct his sentence.

## BACKGROUND

Steward entered into a binding plea agreement with the United States following his indictment on five counts of wire fraud in violation of 18 U.S.C. § 1343.   On November 22, 2004, Steward pleaded guilty to a substitute information charging him with one count of wire fraud.   In exchange for Steward's guilty plea, the government dismissed the five-count indictment.   On April 18, 2005, Steward was sentenced to 19 months in prison and was ordered to serve a three-year term of supervised release following completion of his sentence.

On January 29, 2007, Steward filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]   Steward asserted numerous grounds in support of his § 2255 motion, including 1) that he was convicted in violation of the relevant statute of limitations, 2) that he is actually innocent of the wire fraud charge, 3) that the prosecution withheld exculpatory evidence, 4) that the prosecution breached the plea agreement, and 5) that he received ineffective assistance of counsel.[2]   The prosecution argued, among other things, that Steward waived his right to challenge both his sentence and his conviction as part of his plea agreement.

---

[1]   Steward initially filed a petition for post-conviction relief with this Court on November 17, 2006, claiming actual innocence and ineffective assistance of counsel.   On January 23, 2007, the Court notified Steward that it was recharacterizing his petition as a § 2255 motion pursuant to *Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002), and provided Steward with an opportunity to withdraw the motion or to amend it so that it asserted all of his § 2255 claims.   *Id.*

[2]   Steward also asserted common law claims of conversion, replevin, negligence, and due process violations.

On August 31, 2007, this Court denied Steward's § 2255 motion on grounds that the plea agreement contained a valid waiver of his right to seek collateral review under § 2255. The Court determined that Steward's § 2255 waiver was enforceable because the plea agreement was not involuntary and was not the result of ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Based on its interpretation of the waiver, the Court declined to reach the merits of Steward's § 2255 motion and dismissed the motion.

Steward filed the instant motion for reconsideration on September 24, 2007.[3] Steward argues that the waiver contained in the plea agreement pertains only to collateral challenges to his sentence, and not to challenges to his underlying conviction. Steward thus requests that the Court address the merits of his § 2255 motion.

## ANALYSIS

## I.     MOTION FOR RECONSIDERATION

A motion to reconsider under Local Rule 7.1(g) is the functional equivalent of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g); *Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D.

---

[3] The prosecution argues in part that Steward's motion is untimely because it was not filed within 10 days of the Court's prior order under Federal Rule of Civil Procedure 59(e). Steward responds that he mailed his papers on September 10, 2007, but was later told that the Clerk's office had not received his filing, at which time Steward again filed his motion. Based on these representations, the Court finds Steward's motion for reconsideration to be timely.

Minn. 2001).  A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Steward argues his motion should be granted because the plea agreement waiver applies only to collateral challenges to his sentence, and not to challenges related to his underlying conviction.  The prosecution has consistently maintained that the waiver applies both to the sentence and to the conviction.  Upon close review of the plea agreement, the waiver, and the plea hearing transcript, the Court agrees with Steward that the waiver does not encompass collateral challenges to his underlying conviction. Although certain language contained in the waiver suggests that the waiver applies broadly to all collateral challenges under § 2255, the waiver does not unequivocally state that Steward has given up his right to appeal or to collaterally challenge his conviction. *See Bridgeman v. United States*, 229 F.3d 589, 591-92 (7th Cir. 2000) (finding that a valid waiver of challenges to defendant's sentence does not preclude a challenge to the underlying conviction where the waiver is silent as to challenges to the conviction). Because the Court's prior order declined to reach the merits of Steward's § 2255 motion on this basis, the Court finds that Steward has shown the kind of compelling circumstances that justify reconsideration.  Accordingly, the Court grants Steward's

motion for reconsideration and now considers the merits of the underlying § 2255 motion.[4]

## II.    STEWARD'S § 2255 MOTION

Section 2255 provides persons in federal custody[5] a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence and conviction prescribed by the court. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979).  However, the failure to raise an issue on direct appeal generally constitutes a procedural default barring a defendant from raising the issue for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).

A defendant may under certain circumstances be excused from the procedural default rule.  For example, a defendant may overcome procedural default by showing both cause excusing the default and actual prejudice from the errors. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).  Claims of ineffective assistance of counsel may constitute the "cause and prejudice" required to excuse otherwise procedurally defaulted claims. *Boysiewick v. Schriro*, 179 F.3d 616, 619 (8th Cir. 1999).  A defendant may also

---

[4] The Court notes that a motion for reconsideration with respect to a prior § 2255 motion may be barred as a second or successive petition.  28 U.S.C. § 2244(b)(2); *United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir. 2005).  Because the Court's prior order addressed only the applicability of the § 2255 waiver, and did not reach the underlying merits of Steward's § 2255 motion, the Court finds that the motion for reconsideration is not a second or successive petition requiring authorization from the court of appeals. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

[5] The prosecution concedes that Steward is "in custody" for purposes of § 2255 while he serves his term of supervised release. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

overcome procedural default by demonstrating actual innocence.  *McNeal*, 249 F.3d at 749.  A claim of innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (internal quotations omitted).  In addition, jurisdictional claims and claims that the government materially breached its plea agreement are not subject to the procedural default rule. *United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002); *United States v. Barresse*, 115 F.3d 610, 612 (8th Cir. 1997).

Steward raises various grounds in support of his § 2255 motion.  He argues that he received ineffective assistance of counsel and that he is actually innocent of the wire fraud charges.  As discussed above, these claims are not subject to procedural default and may be used to assert additional claims that would otherwise be procedurally defaulted. Steward also asserts that his conviction violated the relevant statute of limitations, that the conviction was obtained because the prosecution withheld exculpatory evidence, and that the government breached its plea agreement.

Although Steward failed to raise these last three claims on direct appeal, his breach of plea agreement claim is not procedurally barred.  *Barresse*, 115 F.3d at 612. The Court further determines that Steward's statute of limitations argument is not subject to procedural default because it is jurisdictional.[6]  *See Mooring*, 287 F.3d at 727.  Thus, only Steward's claim that the prosecution withheld exculpatory evidence is potentially

---

[6] For purposes of Steward's § 2255 motion, the Court assumes that a statute of limitations defense is jurisdictional in nature and thus not subject to procedural default.

barred by his failure to raise the claim on direct appeal.  This claim is foreclosed unless Steward can show either cause and prejudice, such as through his ineffective assistance of counsel claim, or actual innocence.  The Court turns now to the specific arguments made by Steward in support of the § 2255 motion.

### A.      Ineffective Assistance of Counsel

Steward argues that he received ineffective assistance of counsel because his attorney failed to inspect evidence that was held by the government, failed to raise a statute of limitations defense to the wire fraud count,[7] and failed to properly determine the correct amount of restitution due.

To support a valid claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that he was prejudiced by that deficient performance.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances."  *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotations omitted).  The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  To satisfy the second prong of *Strickland*, a defendant must show a

---

[7] As discussed below, the Court finds that Steward had no available statute of limitations defense to the wire fraud count.  Accordingly, Steward's claim of ineffective assistance on this ground fails.

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court finds that Steward's arguments fail to satisfy the first prong of *Strickland*.   Neither the § 2255 petition nor the supporting attachments support the conclusion that Steward's counsel failed to inspect the evidence.   On the contrary, the record shows that counsel made numerous motions to suppress evidence in the case and sought permission to conduct discovery and inspection of all relevant evidence, including an inventory of all computers seized by the Woodbury Police.   Steward argues that counsel failed to discover that the prosecution was withholding exculpatory evidence.  As discussed below, however, Steward fails to demonstrate that the prosecution violated its obligation to provide all relevant exculpatory evidence to defense counsel.   In short, Steward points to no evidence in the record that suggests to the Court that counsel's inspection efforts fell below an objective standard of reasonableness.

Similarly, Steward has not shown that counsel's performance with respect to restitution was deficient.  The record reflects that Steward was fully aware that the Court was required to order the maximum restitution to Steward's victims under the Mandatory Restitution Act, 18 U.S.C. § 3663A, and that the amount of restitution contained in the plea agreement was only a recommendation to the Court.  The Court finds that counsel's alleged failure to advise Steward on the precise amount of restitution he would ultimately be required to pay does not fall outside the range of reasonable professional assistance in these circumstances.

Even accepting that counsel's performance was deficient, however, Steward cannot satisfy the second prong of *Strickland*. In the context of a guilty plea, a defendant must show that but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Other reasons for accepting a guilty plea and avoiding trial (such as a desire to avoid a harsh sentence) can prevent a finding of prejudice. *See, e.g.*, *Witherspoon v. Purkett*, 210 F.3d 901, 905 (8th Cir. 2000). As discussed below, even if counsel failed to inspect the evidence, Steward has not shown that any exculpatory evidence would have been discovered by a more thorough examination. The Court is therefore not persuaded that Steward would have insisted on going to trial but for counsel's errors. Similarly, the Court finds that the prosecution's dismissal of a five-count indictment in exchange for a guilty plea conferred a significant benefit upon Steward. In light of this benefit, the Court is not convinced that Steward would have insisted on going to trial but for counsel's alleged failure to advise him of the final amount of restitution.

In sum, Steward has not shown that he received ineffective assistance of counsel in connection with his conviction. The Court therefore denies Steward's § 2255 motion with respect to his ineffective assistance of counsel claim.

### B.     Actual Innocence

To prove actual innocence a defendant must show, in light of all the evidence, that "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence

must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Thus, Steward must show that he is actually innocent of the single count of wire fraud charged in the information, as well as the wire fraud charges contained in the five-count indictment, under 18 U.S.C. § 1343.

Steward argues that evidence proving his innocence was contained on computers and in other documents that were withheld by or disposed of by the government. However, Steward fails to point to any particular evidence that would demonstrate his actual innocence.  Steward argues that an employment agreement that was withheld by the government shows that he was not "in charge" of the company he worked for, and that he did not have direct access to certain websites.  However, Steward fails to show how a description of his job responsibilities contained in an employment agreement has any bearing on his conviction for wire fraud under § 1343.  The Court concludes that this evidence would not make it more likely than not that no reasonable juror would have convicted him of the wire fraud charges.  Accordingly, Steward's § 2255 motion is denied on this basis.

### C.    Withholding of Exculpatory Evidence

Steward next asserts that the prosecution withheld exculpatory evidence. Steward's claim is procedurally defaulted because he failed to raise the claim on direct appeal.  However, as discussed above, Steward may overcome a procedural default by showing cause and prejudice or actual innocence.  *See Strickler v. Greene*, 527 U.S. 263, 289 (1999) (applying cause and prejudice test to defaulted exculpatory evidence claim); *McNeal*, 249 F.3d at 749.  As discussed above, Steward has failed to demonstrate his

actual innocence based on evidence that was allegedly withheld or disposed of by the government. Nor has Steward shown that counsel's failure to discover or inspect any withheld evidence was deficient, or that any such error was prejudicial. Thus, Steward's claim may be considered only if Steward can show some other cause and prejudice stemming from the alleged withholding of exculpatory evidence.

Cause requires a showing of "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, Steward must demonstrate a reasonable probability that the result of the proceedings would have been different had the documents or computers been provided to the defense. *See Strickler*, 527 U.S. at 289. Thus, Steward must show that he would not have pled guilty to wire fraud if the prosecution had disclosed the alleged exculpatory evidence.

The Court finds that Steward cannot show cause and prejudice with respect to his claim that the prosecution withheld exculpatory evidence. Even assuming that there was some external impediment that prevented counsel from raising this claim on direct appeal, Steward points to no exculpatory evidence that demonstrates a reasonable probability that Steward would have insisted on going to trial if such evidence had been disclosed. Indeed, Steward fails to explain how any of the evidence allegedly withheld by the prosecution is exculpatory in nature. As discussed above, the only specific

evidence cited by Steward is an employment agreement that, according to Steward, establishes his limited job responsibilities with respect to the company he worked for. This evidence has no material bearing on the substantive elements of the underlying wire fraud charge under 18 U.S.C. § 1343.  The Court thus finds implausible Steward's claim that he would not have pled guilty if this evidence had been disclosed.  Accordingly, Steward has failed to show cause and prejudice excusing his procedural default of this claim, and the Court denies his § 2255 motion on this ground.

### D.    Statute of Limitations

Steward next argues that his conviction under 18 U.S.C. § 1343 violates the applicable statute of limitations.  The prosecution concedes that Steward's claim is not procedurally barred because it effectively challenges the jurisdictional basis for his conviction.[8]  *See United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002).  The statute of limitations for a federal wire fraud offense under 18 U.S.C. § 1343 is five years.  18 U.S.C. § 3282; *United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002).  The relevant statute of limitations requires that an indictment or information be instituted within five years after the substantive offense has been committed.  18 U.S.C. § 3282.

The felony information alleges that the wire fraud continued through on or about October 4, 2000.  Steward was indicted on May 15, 2004, and was charged by the information on November 22, 2004.  Both the indictment and the information are thus

---

[8] The prosecution has cited no support for the proposition that a statute of limitations defense asserted in a § 2255 proceeding is jurisdictional in nature and thus not subject to procedural default.  The Court assumes for purposes of this motion that Steward's statute of limitations defense is jurisdictional and not subject to procedural default.

within the required five-year statute of limitations.  Steward's challenge to his conviction on jurisdictional grounds fails, and his § 2255 motion is dismissed on this basis.

### E.        Breach of the Plea Agreement

Steward next contends that the prosecution materially breached the plea agreement by failing to return all of his property.  Specifically, Steward alleges that the prosecution failed to return a computer and a printer belonging to Steward.   A claim that the prosecution breached the terms of the plea agreement implicates a defendant's due process rights.[9]  *See United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994).  "If a guilty plea is entered as part of a plea agreement, the government must strictly adhere to the terms and conditions of its promises."  *United States v. Valencia*, 985 F.2d 758, 760 (5th Cir. 1993).  Thus, when a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Santobello v. New York*, 404 U.S. 257, 262 (1971).  To warrant relief, however, the breach must be material or substantial, and not merely technical.  *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006).

The plea agreement provides that "[t]he United States will return all seized property to the defendant or his designee to the extent that the same has not already been forfeited, does not constitute contraband, or is not evidence in any other criminal prosecution."   (Plea Agreement, ¶16.)   The prosecution argues that the return of

---

[9] Steward raises essentially the same ground for relief in ground 10 of the § 2255 motion, which asserts that the prosecution violated his due process rights by denying him access to his property.

Steward's property was not a material condition of the plea, and that Steward's decision to plead guilty did not rest in any significant degree on that particular condition. The Court agrees that Steward's decision to plead guilty was induced to a significant degree by the prosecution's promise to dismiss a five-count indictment in exchange for the plea. Further, the record suggests that the prosecution has substantially complied with the condition requiring it to return property to Steward. As such, the Court is not persuaded that the prosecution has materially breached the terms of the plea agreement, or that Steward's due process rights have been violated by the prosecution's conduct subsequent to entering into the plea agreement. Accordingly, Steward's § 2255 motion is denied on this basis.

This is not to say that a defendant has no recourse to seek to obtain property he claims has been wrongfully withheld through the course of criminal proceedings. For example, a defendant may file a motion to return property under Federal Rule of Criminal Procedure 41(g). The Court finds, however, that the allegations of withheld property in this case do not constitute a material breach of the plea agreement, and therefore are not a sufficient basis to challenge the validity of the underlying conviction under § 2255.

### F.      Steward's Remaining Grounds for Relief

Steward seeks relief under § 2255 on the remaining grounds of conversion, replevin, and negligence. A defendant's challenge to his conviction or sentence under § 2255 is limited to constitutional or jurisdictional claims and claims of error constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185. The Court finds that Steward's remaining claims fail to state

cognizable grounds for relief under § 2255.  Accordingly, the Court denies his § 2255 motion with respect to these remaining claims.

## III.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where a defendant has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  The Court finds it is unlikely that some other court would decide the issues raised in this § 2255 petition differently, or that any of the issues raised would be debatable among reasonable jurists.  Thus, Steward has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability in this matter.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Defendant's Motion for Reconsideration [Docket No. 67] is **GRANTED**.

2.   The Court's Memorandum Opinion and Order dated August 31, 2007 [Docket No. 64] is **VACATED**.

3.   Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 61] is **DENIED**.

4.     The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to defendant.

DATED:    April 2, 2008                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                United States District Judge