UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 04-218 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Albert R. Steward III, | |
| Defendant. | |

D. Gerald Wilhelm, Assistant United States Attorney, for the Government.
Defendant, *Pro Se*.

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 17, 2008 on Defendant's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) [#75]. At the hearing, the Court received testimony from Kyle Loven, Counsel to the Federal Bureau of Investigation ("FBI") and formerly a special agent with the FBI. The Government submitted three exhibits during the course of the hearing.[1] The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's Motion be **DENIED.**

**I. FINDINGS OF FACT**

Kyle Loven testified that he is Chief Division Counsel in Minneapolis for the FBI. He stated that he was formerly a special agent with the FBI and, in that capacity, he worked on the criminal case against Defendant Albert Steward. The investigation centered on the Defendant's

---

[1] Government Exhibit 1 is an FD-597 Property Form.
Government Exhibit 2 is an FD-597 Return of Evidence Form.
Government Exhibit 3 is a copy of a decision from the Federal Court of Claims.

fraudulent activities purchasing and selling computer equipment over the Internet.

Loven testified that Officer Jeff Gottstein from the Woodbury Police Department brought the investigation of Mr. Steward's activities to the FBI to determine whether federal charges should be brought. Mr. Steward was in fact federally indicted and he pleaded guilty to executing "a scheme to defraud others in order to obtain certain goods and services, namely credit from certain companies in an amount exceeding $70,000." (*See* Defendant's Motion for Return of Property at Ex. G.)

Loven testified that he seized property from Mr. Steward upon arrest. Loven listed the property seized on a FBI 597 Property Form. (*See* Gov't Ex. 1.) That form, dated June 3, 2004, listed the following seized items: a Sony Vaio laptop computer, two Memorex CD-roms, one power supply, one laptop case and three notebooks. (*Id*.) Both Loven and Defendant Steward signed the Property Form. (*Id*.) On November 21, 2006, the FBI returned those items to Mr. Steward. (Gov't Ex. 2.) At that time, both the Defendant and an FBI representative signed a FBI 597 Property Form stating that the property had been returned to the Defendant. (*Id*.) Loven testified that, other than the property that was listed on the forms mentioned above, the FBI did not have any other property belonging to the Defendant. Loven stated it was possible that the Woodbury Police Department had executed search warrants on the Defendant's home and had seized property that was never turned over to the FBI.

## II. CONCLUSIONS OF LAW

The Defendant brings this motion pursuant to Federal Rule of Criminal Procedure 41(g). Rule 41(g) provides, in part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." If property held

by the government has been lost, destroyed or transferred to a third party, sovereign immunity bars the award of monetary damages in a motion brought pursuant to Rule 41(g).  *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001).

Based on Loven's testimony and the property seizure and return forms (Gov't Ex. 1-2), the Court finds that the FBI has returned all of the Defendant's property in its possession.  Even if the FBI were found to be responsible for all property seized in the investigation, including property that was never in its possession, this Court could not award damages to the Defendant because such relief is barred by sovereign immunity.  *See Hall*, 269 F.3d at 943.  The Defendant is therefore not entitled to relief in this motion.

Mr. Steward nonetheless claims that he still has not received over $60,000 worth of property seized by the City of Woodbury.  He presented, as exhibits to his motion, forms in which he granted the City of Woodbury permission to search his home.  He also presented inventory and return receipts listing property seized by Officer Gottstein of the Woodbury Police Department.[2]

---

[2] This is not the Defendant's first effort to recover property he contends the government is wrongly withholding.  He previously sought to withdraw his guilty plea based upon the Government's alleged failure to return property, the return of which was a term of Defendant's Plea Agreement.  Judge Tunheim denied Defendant's Motion initially and on reconsideration. *See United States v. Albert R. Steward*, Civ. 07-647 (D. Minn. Aug. 31, 2007 and April 2, 2008), [Docket No. 2 and 3].  Defendant also filed a claim in the U.S. Court of Federal Claims.  That court granted the Government's Motion to Dismiss the Claim.  *Albert Ray Steward, III v. United States*, 07-537 C (Fed. Cl. Feb. 27, 2008).  Although both Judge Tunheim and the Court of Federal Claims mention Rule 41 as a possible remedy for Defendant to pursue, neither court had before it any briefing on whether Rule 41 would in fact afford Defendant any relief.  In none of his efforts to retrieve his property has the Defendant sued the City of Woodbury.  When asked by this Court why that was, Defendant said he had "been told" by others (not the Government) that because he was prosecuted in Federal Court, only the FBI (not the City of Woodbury) would be responsible for his property.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that Defendant's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) [#75] be **DENIED**.


DATED: September 26, 2008                    *s/ Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 16, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 16, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.