UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-218 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| ALBERT R. STEWARD, III, | |
| Defendant. | |

D. Gerald Wilhelm, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Albert R. Steward, III, 538 St. Peter Street, #304, Saint Paul, MN 55102, defendant *pro se*.

This case is before the Court on defendant Albert Steward's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). In a Report and Recommendation filed on September 26, 2008, United States Magistrate Judge Franklin L. Noel recommended that this Court deny Steward's motion. Steward filed objections to the Report and Recommendation, which the Court reviews *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR. 72.2. For the reasons stated below, the Court overrules Steward's objections and adopts the Report and Recommendation.

**BACKGROUND**

The Federal Bureau of Investigation ("FBI") investigated Steward for allegedly engaging in fraudulent Internet activities between November 1996 and March 2004. On May 18, 2004, Steward was indicted by a federal grand jury on multiple counts of wire fraud and other offenses. (Indictment, Docket No. 1.) In connection with those criminal charges, the FBI and Woodbury (Minnesota) Police Department seized property from Steward by consent and through the execution of two search warrants.

On November 22, 2004, Steward pled guilty to a single-count information for wire fraud in exchange for the prosecution's dismissal of the indictment. (Plea Agreement, Docket No. 41.) On April 18, 2005, the Court sentenced Steward to a term of nineteen months imprisonment. (Docket No. 51.)

After his release from incarceration, Steward filed a motion under 28 U.S.C. § 2255 requesting that his conviction be set aside, in part because the prosecution allegedly breached the plea agreement by failing to properly return seized property. This Court denied Steward's motion initially and on reconsideration. *See United States v. Steward*, No. 04-218, 2008 WL 906796, at *6 (D. Minn. April 2, 2008). Steward thereafter filed an action in the United States Court of Federal Claims, alleging that the Government violated the Fifth Amendment Takings Clause by retaining and disposing of his property. Steward sought monetary damages for the value of the unreturned property. The Court of Federal Claims dismissed Steward's action for failure to state a claim, holding that "the [alleged] loss of [Steward's] property is not a taking compensable by the Fifth Amendment" because the property was seized in connection

with a criminal investigation and was not taken for public use. *Steward v. United States*, 80 Fed. Cl. 540, 544 (2008).

Steward then filed this motion to return property pursuant to Federal Rule of Criminal Procedure 41(g), asserting that the FBI and Woodbury Police Department failed to return all seized property. Specifically, Steward alleges that the FBI failed to turn over, *inter alia*, a CD duplication machine, 50 blank CDRW disks, toner cartridges, a fax machine, a hole punch, and "World Wide SafeList" and "SafeList Banner Advertising" networks. (Def.'s Mot. to Return Property, Docket No. 75, ¶ 2.) In the alternative, Steward requests that the Court transfer the case to the Court of Federal Claims to determine monetary damages for any unreturned property that is no longer in the Government's possession.

On September 17, 2008, the Magistrate Judge held an evidentiary hearing to resolve factual disputes concerning the status of the seized property. At the hearing, Kyle Loven, who was an FBI special agent assigned to work on the criminal case against Steward, testified that the FBI began investigating Steward after the Woodbury Police Department notified the FBI of its own investigation. Loven testified that on June 3, 2004, the FBI seized property from Steward, which was listed on an FD-597 Property Form and which both Loven and Steward signed. (Gov't Ex. 1.) On November 21, 2006, Steward and an FBI representative signed another FD-597 Property Form stating that the property had been returned. (Gov't Ex. 2.)

Loven also testified that other than the items listed on the FD-597s, the FBI did not have any other property belonging to Steward. Loven noted, however, that it was

possible that the Woodbury Police Department had seized property that was not eventually turned over to the FBI for use in the federal investigation.

The Magistrate Judge found that the FBI had properly returned Steward's property, and held that even if the FBI were responsible for **all** property seized in the investigations, including property that was never in its possession, sovereign immunity barred Steward from seeking monetary relief. Accordingly, the Magistrate Judge recommended denying Steward's Rule 41(g) motion. Steward objects to that Report and Recommendation, arguing that the Magistrate Judge erred in concluding that the property at issue in this motion was the property seized directly by the FBI, and in holding that Steward was not entitled to monetary damages or to have the case transferred to the Court of Federal Claims.

## DISCUSSION

### I. STANDARD OF REVIEW

A district court with jurisdiction over a criminal matter has ancillary equitable jurisdiction over post-conviction motions for the return of property. *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995). Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." As a threshold matter, and "[w]here there is a fact dispute regarding who has custody or is entitled to possession of the subject property, the court must hold a hearing to determine those issues." *United States v. Timley*, 443 F.3d 615, 625 (8th Cir. 2006); *see also* Fed. R.

Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion.").

## II.   OBJECTIONS TO THE REPORT AND RECOMMENDATION

### A.   Rule 41(g)

On June 3, 2004, the FBI seized several items from Steward, including a Sony Vaio laptop computer, CD-Roms, a power supply, a laptop case, and various notebooks. (Gov't Exs. 1, 2.)  It appears undisputed that these items were returned to Steward on November 21, 2006.  After receiving this and other evidence at the evidentiary hearing, the Magistrate Judge concluded that "the FBI has returned all of the Defendant's property in its possession."  (Report and Recommendation, Docket No. 95 at 3.)  Steward argues, however, that the Magistrate Judge erred in concluding that the property at issue in this motion is the property directly seized by the FBI.

Instead, Steward asserts that he is attempting to recover property that was seized by the Woodbury Police Department prior to the FBI's investigation, and he included as exhibits to this motion forms in which he granted the City of Woodbury permission to search his home.  Steward also provided return receipts from the City of Woodbury for at least some of that property, although Steward claims that not all property was returned to him.

As an initial matter, the Court finds that there is no evidence in the record suggesting that the FBI failed to return to Steward any property that was in its possession. Thus, the question is whether the FBI is responsible for ensuring the return of all of the

property, whether seized by the FBI or the Woodbury Police Department.[1]  The Magistrate Judge concluded that even if the FBI was responsible for all such property, sovereign immunity would bar Steward from recovering monetary damages under a Rule 41(g) motion.  *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001).

The Court agrees.  The evidence overwhelmingly demonstrates that the subject property no longer remains in the possession of the FBI or the City of Woodbury.  *See United States v. Cardona-Sandoval*, 518 F.3d 13, 17 (1st Cir. 2008) (stating that "[a]ffidavits or documentary evidence . . . may suffice to support the district court's determination" that everything has been properly returned to an individual).  As a result, Steward could only seek monetary damages for the Government's alleged failure to return the property.  Indeed, in his motion and his objections to the Report and Recommendation, Steward assesses a monetary value on the unreturned property and requests monetary relief.  (*See* Mot. to Return Property, Docket No. 75 at 2-3; Objections, Docket No. 96 at 4.)  Eighth Circuit law is clear, however, that a Rule 41 motion is an equitable action only and sovereign immunity prohibits an individual from recovering monetary damages for unreturned property.  *Hall*, 269 F.3d at 942-43.  Accordingly, the Court adopts the Report and Recommendation and denies Steward's Rule 41(g) motion and accompanying request for monetary relief.

---

[1] Steward argues without support that the Woodbury Police Department was acting as an "agent" of the United States when it seized Steward's property.  Notably, Steward has not sued the City of Woodbury for return of such property on the basis that he was told by other individuals (not the Government) that the United States was the appropriate party to sue.

B.	**Transfer to the Federal Court of Claims**

Other statutes may allow Steward to seek monetary damages against the United States for the value of the unreturned property. *Id.* at 943 (referencing the Tucker Act, 28 U.S.C. § 1491, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-81). Steward alludes to this principle in his objections, requesting that the Court transfer the action to the United States Court of Federal Claims so that he may pursue his claims for legal relief.

Steward, however, has not alleged a statutory basis that would justify transfer of this action to the Court of Federal Claims. Further, and as noted above, that court previously dismissed a similar action by Steward, which sought legal redress for unreturned items under the Tucker Act, 28 U.S.C. § 1491(a)(1). *Steward v. United States*, 80 Fed. Cl. 540, 541-42 (2008). The Court of Federal Claims dismissed Steward's Fifth Amendment Takings claims, stating that the loss of property was "not a taking compensable by the Fifth Amendment." *Id.* at 544. Steward has not asserted a basis on which the United States Court of Federal Claims could or would now treat this action differently, and the interests of justice do not therefore justify transfer. *See* 28 U.S.C. § 1631 ("[I]f there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . .").

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** Steward's objections [Docket No. 96] and **ADOPTS** the Report and

Recommendation of the Magistrate Judge dated September 26, 2008 [Docket No. 95].  **IT IS HEREBY ORDERED** that:

1. Defendant Albert R. Steward, III's Motion for Return of Property [Docket No. 75] is **DENIED**.

2. Defendant Albert R. Steward, III's Request for Transfer to the United States Court of Federal Claims is **DENIED**.


DATED:  May 13, 2009                              ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                          United States District Judge